# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

FILED BY ____ D.C.

05 NOV 30 PM 12:38

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF THIS

SYLVESTER TOWNSEL, et al.,

    Plaintiffs,

vs.

Case No.: 05-2795 D

MERCK & CO., INC.,

    Defendant.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that this case may be administered by, and included as a part of MDL-1657. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at the District Court level at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12/1/05



It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require further administration by the District Court. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this 29th day of November, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 14 in case 2:05-CV-02795 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Joseph R. Alexander
Mithoff & Jacks
One Allen Center Penthouse
500 Dallas
Houston, TX 77002

T. Robert Hill
HILL BOREN
1269 N. Highland Ave.
Jackson, TN 38303--053

Charles C. Harrell
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Mark Guerrero
Mithoff & Jacks, P.C.
111 Congress Avenue
Suite 1010
Austin, TX 78701

John R. Cannon
SHUTTLEWORTH SMITH MCNABB & WILLIAMS
200 Jefferson Ave.
Ste. 1500
Memphis, TN 38103--002

James L. Wright
JACKS LAW FIRM
111 Congress Ave. Ste. 1010
Austin, TX 78701

Steven G. Ohrvall
HILL BOREN- Jackson
1269 N. Highland Ave.
P.O. Box 3539
Jackson, TN 38303--353

Richard Warren Mithoff
MITHOFF & JACKS, P.C.
One Allen Center Penthouse
500 Dallas
Houston, TX 77002

Lisa M. Martin
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Tommy Jacks
Mithoff & Jacks
111 Congress Avenue
Suite 1010
Austin, TX 78701

Honorable Bernice Donald
US DISTRICT COURT